915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NEVILLE CHEMICAL COMPANY, Plaintiff-Appellant,
v.
RESINALL CORPORATION, Defendant/Cross-Appellant.
 Nos. 90-1015, 90-1034.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1990.
 
 Before ARCHER, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Neville Chemical Co. appeals a judgment of the United States District Court for the District of Connecticut, Civil Action No. B-85-177 (D.Conn. July 21, 1989) (amended Sept. 5, 1989), dismissing its complaint based upon findings of no infringement. Resinall Corporation appeals the district court's dismissal of its counterclaim for a declaratory judgment that the Neville patents in suit are invalid. We affirm the holding of no infringement, vacate the determination that the patents in suit are not invalid, and deny Resinall's request for fees and costs on appeal.
 
 OPINION
 
 2
 The district court found pentaerythritol to be an integral component of Resinall's products which altered their molecular structure from that of the patented resins and gave them new and unique properties. Neville asserts that Resinall merely produces a pentaerythritol ester blended with, but not reacted with and integrated into, a modified hydrocarbon resin claimed in its patents, and that the trial judge misconstrued evidence as to the structure and properties of Resinall products in finding to the contrary.
 
 
 3
 Specifically, Neville argues that the trial judge erred in discounting the inferences Dr. Craver drew from her infrared spectroscopic evidence of structural similarity between Neville's and Resinall's products. Neville further argues that the opinion testimony of Resinall witnesses relied upon by the trial judge was not credible because it was not supported by testing or documentary evidence. Neville's arguments that the district court erred in finding structural differences between Resinall's products and the resins claimed in Neville's patents essentially amount to a contention that the trial judge gave insufficient weight to Neville's own evidence and too much weight to Resinall's evidence. The trial judge's determination with respect to the structure of the Resinall products was a finding of fact, and thus will be overturned by this court only if it was "clearly erroneous." Fed.R.Civ.P. 52. The district court carefully analyzed the evidence in its opinion, and Neville has failed to show that the district court's finding of fact with regard to structural differences warrants reversal as "clearly erroneous."
 
 
 4
 Neville also argues that the district court erred in its construction of the claim language "consists essentially of" and "consisting essentially of" in the '498 and '410 patents, and "comprising" in the '100 patent, to exclude pentaerythritol. Neville, however, agrees with the trial court that while such language does not limit the claims from the inclusion of additional, unrecited materials that do not materially change or affect the basic and novel characteristics of the claimed composition, it does close the claims to other ingredients that do alter the basic and novel characteristics of the invention. Thus, while claim construction normally is a matter of law, Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1270 (Fed.Cir.1986), cert. denied, 479 U.S. 1030 (1987), requiring no deference to the district court, in this case Neville's quarrel is not really with the legal standard which the court applied (slip op. at 28-29), but rather with its factual determination that the addition of pentaerythritol materially changes the physical properties of Resinall's products. As discussed above, Neville has failed to demonstrate anything clearly erroneous in the trial judge's finding of fact that the addition of pentaerythritol produces substantial changes in structure and properties.
 
 
 5
 Neville further argues that the district court erred in failing to find infringement under the doctrine of equivalents. The trial judge in his opinion correctly set forth the legal test of Graver Tank & Mfg. Co. v. Linde Air Products, 339 U.S. 605, 608 (1950), and concluded on the basis of his finding of fact that Resinall's products have significantly different physical properties and that they do not perform substantially the same function in substantially the same way to produce substantially the same results. As we have discussed above, Neville has not demonstrated that this finding of fact with regard to differences in properties was clearly erroneous. Nor has Neville shown that the range of equivalents considered by the court was improperly limited.
 
 
 6
 We hold that Neville has failed to show that either of the district court's determinations of non-infringement was clearly erroneous, and accordingly affirm.
 
 
 7
 Because the issue of validity is rendered moot by our upholding the findings of no infringement (the declaratory judgment action being no broader than the affirmative defense of invalidity), and thus need not be reached, we vacate the district court's holding that the Neville patents are not invalid.
 
 
 8
 While Neville's arguments of error are ultimately unpersuasive, we do not find Neville's appeal to be frivolous or so wholly lacking in legal and factual basis as to warrant sanctions, and therefore deny Resinall's request for fees and costs on appeal.